[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14506
Non-Argument Calendar
_____

D.C. Docket No. 4:17-cr-10010-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

YASEL MASA-HERNANDEZ,
a.k.a. Yacel Maza-Hernandez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 31, 2018)

Before WILSON, JORDAN and BLACK, Circuit Judges.

PER CURIAM:

Yasel Masa-Hernandez appeals his 30-month sentence for conspiring to smuggle aliens into the United States. Masa-Hernandez raises two arguments on appeal. First, he asserts the district court erroneously denied him a minor role reduction under U.S.S.G. § 3B1.2(b) because he was simply doing a favor for a friend, the venture was not his idea, he stopped immediately when commanded to by the United States Coast Guard, he was not paid, and none of the aliens aboard were related to him. Second, he contends the district court's sentence was substantively unreasonable because the court declined to vary downward from the guideline range to compensate him for time spent in immigration custody. After review,[1] we affirm.

A district court may decrease a defendant's offense level by two levels if it finds he was a "minor participant" in the criminal activity, which means a participant who is "less culpable than most other participants in the criminal activity, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, comment. (n.5). The adjustment applies if the defendant proves that he "play[ed] a

---

[1] We review a district court's decision on whether to grant a minor role reduction for clear error. *United States v. De Varon*, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). The district court's determination concerning a role reduction is premised on a case-by-case factual inquiry. *See* U.S.S.G. § 3B1.2, comment. (n.3(C)). Therefore, a sentencing court's determination will generally be upheld if its decision is "supported by the record and does not involve a misapplication of a rule of law." *De Varon*, 175 F.3d at 945. We review the reasonableness of a sentence under the deferential abuse-of-discretion standard of review. *Gall v. United States*, 552 U.S. 38, 41 (2007). The party who challenges the sentence bears the burden to show that the sentence is unreasonable in light of the record and the § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

part in committing the offense that makes him substantially less culpable than the average participant in the criminal activity." U.S.S.G. § 3B1.2, comment. (n.3(A)). The commentary to § 3B1.2 further instructs that, in deciding what sort of role reduction the court should apply, the court should consider the degree to which the defendant understood the scope and structure of the criminal activity, the degree the defendant was involved in planning or organizing the criminal activity, the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority, the nature and extent of the defendant's participation in the commission of the criminal activity, and how much the defendant stood to benefit from the criminal activity. *Id.*, comment. (n.3(C)).

The district court heard Masa-Hernandez's arguments that he was substantially less culpable because he did not formulate the plan, he was not paid, he stopped as soon as he was ordered, and he was motivated solely by the desire to help his friend rescue his son. However, the district court nevertheless determined Masa-Hernandez was not substantially less culpable than the average participant in the crime, noting that as the driver of the boat Masa-Hernandez was essential to its commission. Moreover, even assuming Masa-Hernandez left intending only to pick up Ricardo-Lopez's son, Masa-Hernandez was fully aware of the scope and structure of the activity when he allowed the other individuals on board and began

3

piloting the boat to the United States.  Because the district court's conclusion is supported by the record and it did not misapply a rule of law, we affirm.

The district court also heard Masa-Hernandez's argument that time in immigration custody would effectively lengthen his sentence.  But it nevertheless sentenced him to 30 months' imprisonment after considering his history and characteristics, the nature and circumstances of the offense, and the fact that Masa-Hernandez employed a special skill in carrying out the offense.  That sentence is at the bottom end of the guideline range.  While the district court does have discretion to grant a downward variance, we ordinarily expect a sentence falling within the guidelines to be reasonable.  *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).  Masa-Hernandez's sentence was also well below the statutory maximum of ten years.  And a sentence well below the statutory maximum is an indicator of a reasonable sentence.  *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).  Accordingly, we cannot conclude that the district court's decision not to vary downward from the bottom end of the guideline range was abuse of discretion.

**AFFIRMED.**